

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHESETTS

ALAN DORSEY

    PLAINTIFF,

CIVIL ACTION NO: 16-12532-IT

V.

LIBERTY MUTUAL AUTO INSURANCE.

    DEFENDANTS.

---

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S**

**MOTION TO DISMISS OR FOR SUMMARY JUDGEMENT**

**IN ACCORDANCE TO F.R.C.P. 12 AND Mass. R.Civ. P,.**

**Rule 56**

---

Comes now the present defendant, In Pro Se to respectfully request that this Honorable court deny the plaintiff's May 15, 2017 'Motion to dismiss or in the alternative Motion for Summary Judgement, Further and for the facilitation of this Honorable court's determination the present defendant provides:

**Clarification:**

Liberty Mutual Comes now in their present motion to willfully misconstrue what was contained in the plaintiff's initial pleadings by averring that ("It is not clear why Mr. Dorsey thinks that the policy should not have been cancelled for non-payment") or "of the cancellation of her License." Where it was nowhere drafted,

or quoted nor intended in Mr. Dorsey's initial pleading that Mr. Dorsey was concerned about a policy cancellation that belonged to a third party that is not involved or a party the present suit before this Honorable Court. Also, The initial claim and suit against the Florida Insurance Commissioner was solely on the behalf of Mr. Dorsey (and had absolutely nothing to do with the suspension of any license or cancellation of any policy) The initial Pleading involved the Florida Insurance Commissioner because Mr. Dorsey affirms that he contacted The Florida Insurance commissioner (via Certified Mail) with a formal Complaint (detailing liberty Mutual's fraud and Fraudulent Billing in Mr. Dorsey's Name and filed a complaint on-line at the Insurance Commissioners website, Only to be completely ignored and never responded to... Whereby, At no instance did Mr. Dorsey project or intend to litigate **any** claim or matter on the behalf of Lattishaw Richardson, A party who is not nor drafted to be a party to this present suit at bar.

**THE LAW IN RELATION**

**TO MOTION TO DISMISS:**

Liberty Mutual presently comes before this Honorable Court Alleging that Liberty Mutual is not a collection agency, And that Mr. Dorsey's Federal Claims and Federal Civil Rights cannot be entertained by a United States District Court, "who lacks subject matter jurisdiction." However, This Honorable Court's original Jurisdiction is pursuant to 15 U.S.C. 1692 at **803(5)(6)** which dictates:

803 (2) The term **"communication "** means the conveying of information regarding a debt directly or indirectly to any person through any medium,.."

(3) The term **"consumer"** means any natural person obligated or allegedly obligated to pay any debt.

(4) The term **creditor" means any person** who offers or extends credit or services to whom a debt is owed.

(5) **The term "Debt" means any obligation or alleged obligation of a CONSUMER to pay money arising out of a transaction in which the money, property, INSURANCE, or services which are the subject of the transaction are primarily for personal, family or household purposes.**

(6) The term "**Debt Collector**" means **any** person who uses any instrumentality of interstate commerce or the mails **in any business where the principle purpose is the collection of any debts** or who regularly collects or attempts to collect a debt directly or indirectly debts owed or due or asserted to be owed or due another.

## A. The Standard of Review

B. For this reason, Summary Judgment is appropriate when there are no material issues of fact in dispute. Mass.R.Civ.P., Rule 56 (c) A motion for summary judgment must necessarily fail if the defendants, as the moving party, does not establish the absence of any genuine issue of material fact or if the plaintiff, as the opposing party, establishes that there is a genuine triable issue. Lyons v. New Mass Media, Inc., 390 Mass. 51, 453 N.E.2d 451 (1983). In other words, if any material fact is disputed, summary judgment must be denied.

C. The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact. John B. Deary, Inc., v. Crane, 4 Mass. App. Ct. 719 (1976) In addition, the moving party has the burden of showing that the law favors its position. Dollof v. School Committee of Methuen, 9 Mass. App. Ct. 502, 402 N.E.2d 1067 (1980).

D.

E. Moreover, in ruling on summary judgment, the Court must view facts in the light most favorable to the plaintiff, as the opposing party, and thus must draw all inferences in favor of the plaintiff. Coveney v. President and Trustees of Holy Cross College, 388 Mass. 16, 445 N.E.2d 136 (1983

In considering a motion for summary judgment, a court does not weigh the evidence or

make its own determination of the facts. Attorney General v. Bailey, 386 Mass. 367, 370 (1982).

In addition, a court should neither grant a motion for summary judgment because the facts

offered by the moving party appear more plausible than the non-movant, nor because it appears

the opponent is unlikely to prevail at trial. Id. Instead, in drawing inferences from the affidavits,

depositions, exhibits or other material, the court must view them in the light most favorable to

the party resisting the motion. Hub Assocs v. Goode, 357 Mass. 449, 451 (1970) (citing United

States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). A mere "toehold" of controversy is enough to

survive a motion for summary judgment. Marr Equipment Corp. v. ITO Corp. of New England, federal civil cases nationwide increased substantially in the period 1960 to 2000. 75 GEORGE WASHINGTON L. REV. 522, 523, n. 7 (2007). Some Federal District Court judges have recognized that summary judgment is being used excessively by defendants – who have nothing to lose and everything to gain by filing the motion. See Denlow, Summary Judgment: Boon or Burden?, 37 No. 3 JUDGES' J. 26, 26 (1998) ("Summary judgments are excessively used and delay resolution of cases that would otherwise be tried or settled."); Milton I. Shadur, An Old Judge's Thoughts, 18 CBA Rec. 27, 27 (2004) ("From my perspective that trend has gone much too far.

**CLAIM UPON WHICH RELIEF MAY BE GRANTED:**

Mr. Dorsey Provides that the initial claims contained in his original filing fully addressed and did state several claims upon which relief may be granted and that they were and are plausible, factual in matter and by supporting attached exhibits.

And for Liberty mutual to come now with the reinforced 'party line' defense that Mr. Dorsey Called liberty mutual and asked to start this policy clearly demonstrates a commitment to falsehood and disregard for uncontroverted facts which are:

1. They know full well that they have no required recording of him calling and agreeing to start a policy.
2. They do have a recording where Lattishaw Richardson was sitting in the car dealership and on the phone with liberty mutual instituting this policy.
3. And there exists firm evidence that Liberty Mutual immediately faxed proof of insurance to the car dealership so that Mrs. Richardson could drive off the lot in her Financed Vehicle. (Alan Dorsey's name was nowhere listed on any documents.
4. Also, This Honorable Court Has before it Mrs. Richardsons delinquent insurance bill, (re-written In Mr. Dorsey's name and personal information)
5. The plaintiff Alan Dorsey included facts in his initial pleading detailing how Mrs. Richardson's license was suspended solely for the purpose of showing

## CONCLUSION

As for plaintiff's remaining claims, there are many disputed material facts which would have to be viewed in a light most favorable to the non-moving party and that the court would be required to make credibility determinations (something the could cannot do at the summary judgment stage)., where the present plaintiff ask This Honorable Court to deny Defendant's Motion For summary Judgement and motion to dismiss allowing the parties to proceed toward the plaintiff's Constitutional protection of a trial for In the end, it is a "win-win-win" for the court, the plaintiff and the defendant's the right to a civil jury trial under the Fifth and Seventh Amendment.")

1. that his was not, because they knew he was not an author or party to the purchase or insuring of that financed and purchased 2004 Lasabre.

## CERTIFICATION PURSUANT TO
## LOCAL RULE 7.1

Dated May 15, 2017

I Alan Dorsey do hereby certify that I attempted to confer in good faith with Mr. Michael Kippens (attorney for Liberty Mutual) and that the dispute could not be resolved.

## CERTIFICATE OF SERVICE

I, Alan Dorsey hereby certify that I have mailed one true and correct copy of the foregoing to the Attorney of record in this matter whom being listed as:

MR. MICHAEL KIPPENS

1 INTERNATIONAL PLAZA

SUITE 3700

BOSTON, MA 02110

PG-6of6

ON THIS 16TH DAY OF MAY 2017