UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN DORSEY, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 16-cv-12532-IT |
| LIBERTY MUTUAL AUTO INSURANCE, | * |
| Defendant. | * |

MEMORANDUM & ORDER

September 14, 2017

TALWANI, D.J.

Before the court is Defendant Liberty Mutual Auto Insurance's Motion to Dismiss or, in the Alternative, for Summary Judgment [#15]. For the reasons set forth below, the motion is ALLOWED.

I. Background

Plaintiff Alan Dorsey brings this action against Defendant Liberty Mutual Auto Insurance [hereinafter "Liberty Mutual"]. Civil Compl. Suit [#1] 1 ["Compl."]. He alleges that Liberty Mutual was negligent and violated the Fair Credit Billing Act, 15 U.S.C. § 1601 et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Federal Communications Act, 47 U.S.C. § 151 et seq., in its efforts to collect money it believed Dorsey owed on a car insurance policy. Compl. 10-12. Liberty Mutual seeks dismissal for failure to state a claim that those federal statutes are applicable, and for lack of subject matter jurisdiction over Dorsey's negligence claim. Mot. Dismiss, Summ. J. 2 [#15].

II. Standard of Review

A complaint in federal court must provide facts showing that the court has jurisdiction

and that the plaintiff is entitled to relief. Fed. R. Civ. P. 8. If the facts, taken as true, do not allow a court to plausibly infer that the plaintiff is entitled to relief, the court must allow a defendant's motion to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

III. Analysis

 A. *Fair Credit Billing Act*

The Fair Credit Billing Act protects consumers from certain credit billing practices. 15 U.S.C. § 1601. "Credit" means that an entity allowed a consumer to take on a debt, and then defer payment for that debt, rather than having that debt be due immediately. 15 U.S.C. § 1602(f) ("The term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment."). Because of this, a person seeking to bring a complaint under the Fair Credit Billing Act must show the court that the defendant allowed him or her to take on a debt and defer payment in a way that made payments not immediately due. Am. Express Co. v. Koerner, 452 U.S. 233, 240-241 (1981). If the plaintiff cannot show the court that he or she was extended credit by the defendant, the court must dismiss a complaint brought under the FCBA.

Here, Dorsey has not shown that he was extended "credit" by Liberty Mutual. Instead, Dorsey states he was sent regular bills by Liberty Mutual for car insurance he did not purchase. As no "credit" was extended, Dorsey's claim under the Fair Credit Billing Act must be DISMISSED.

 B. *Fair Credit Reporting Act*

The Fair Credit Reporting Act seeks to make sure that credit reporting is fair and accurate. Chiang v. Verizon New England, Inc., 595 F.3d 26, 34 (1st Cir. 2010). To do this, the Fair Credit Reporting Act places obligations on three types of people/entities: first, the credit

reporting agencies themselves; second, people or entities that use credit reports; and third, entities or people that provide information to credit reporting agencies, which are known as "furnishers" of information. Chiang v. MBNA, 634 F. Supp. 2d 164, 167 (D. Mass. 2009).

Dorsey's complaint is most fairly read as stating that Liberty Mutual violated the Fair Credit Reporting Act by violating the set of rules governing "furnishers" of information. He states that Liberty Mutual "turned all of Mr. Dorsey's personal information and fraudulent billing over to the Credit Collection Services . . . and also sent his name and personal information to credit collection agencies and credit scoring bureaus." Compl. [#1] 6.

The Fair Credit Reporting Act only allows individuals to sue a "furnisher" of information, however, when the "furnisher" has been told by a credit scoring bureau that a complaint has been made, and when the "furnisher" fails to act properly to investigate that complaint reported by the credit scoring bureau. See Chiang v. Verizon New England Inc., 595 F.3d 26, 35-36 (1st Cir. 2010). Here, Dorsey does not state (i) that a credit scoring agency notified Liberty Mutual of any complaint, or (ii) that Liberty Mutual failed to investigate a complaint reported by a credit scoring agency, or (iii) that Dorsey ever complained to a credit scoring agency.

Dorsey does state that he complained directly to Liberty Mutual. Compl. [#1] 6. But the law is that a person cannot sue a "furnisher" directly when that "furnisher" does not investigate that person's complaint; a person can only sue when the "furnisher" fails to adequately respond to a complaint reported by the credit scoring agency. See Catanzaro v. Experian Info Sols., Inc., 671 F. Supp. 2d 256, 259 (D. Mass. 2009) ("notification by a consumer reporting agency to the information furnisher is a prerequisite for liability"); Islam v. Option One Mortg. Corp., 432 F. Supp. 2d 181, 192 n.12 (D. Mass. 2006) ("the notice relevant to Section 1681 s–2(b) comes from

a credit reporting agency"); Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11 (D. Mass. 2004) ("[the Fair Credit Reporting Act] provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed.").

Because of this, Dorsey's suit under the Fair Credit Reporting Act must be DISMISSED.

### C. *Fair Debt Collection Practices Act*

The Fair Debt Collection Practices Act seeks to regulate how debt collectors can collect debt, and enables suit against debt collectors who violate those rules. See Chiang v. Verizon New Eng., Inc., 595 F.3d 26, 41 (1st Cir. 2010). A "debt collector" is someone that collects "any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

This means a "debt collector" is someone who collects a debt owed <u>to another person</u>. In other words, a "debt collector" is <u>not</u> someone who is seeking to recover a debt owed <u>to himself</u>. 15 U.S.C. § 1692a (6)(A) (excluding from definition of "debt collector" "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor.").

Dorsey is suing Liberty Mutual Auto Insurance, and not the "collection agencies" that Dorsey says have contacted him to recover Liberty Mutual's debt. See Compl. [#1] 8 ("On September 10th of 2016 Mr. Dorsey received a mailing from a collection agency that Liberty Mutual had given all of his information to them and assigned them to collect $738.00 debit from Mr. Dorsey . . . ."). Dorsey has not demonstrated that Liberty Mutual is seeking to collect debt that Dorsey owes to another person or entity. Therefore, Dorsey's suit under the Fair Debt Collection Practices Act must be DISMISSED.

### D. Federal Communications Act

Dorsey brings a claim under the Federal Communications Act based on allegations that Liberty Mutual fraudulently billed him. Compl. [#1] 10. The Federal Communications Act was passed to secure for all people in the United States an efficient wire and radio communication service at reasonable prices. 47 U.S.C. § 151. It is primarily a regulatory scheme that centralized authority in the Federal Communications Commission. See generally Scripps-Howard Radio v. F.C.C., 316 U.S. 4 (1942). In short, Dorsey has not demonstrated, and the court has not found, any way in which Liberty Mutual could be liable to Dorsey under the Federal Communications Act for actions described in Dorsey's complaint. Accordingly, Dorsey's claim under the Federal Communications Act must be DISMISSED.

### E. Negligence

Finally, Dorsey brings a claim under a theory of negligence. Negligence is typically a theory of liability under state law, not federal law. Generally, there are two ways a federal court can hear a state law claim. The first, diversity jurisdiction, requires that the plaintiff(s) and defendant(s) are from different states and the amount at stake is over $75,000. 28 U.S.C. § 1332. The second, supplemental jurisdiction, allows a plaintiff to bring state law claims that are so related to other federal claims in the same complaint, that the state claims are part of the same case or controversy as the federal claims. 28 U.S.C. § 1367.

Here, as to diversity jurisdiction, Dorsey alleges that the debt upon which Liberty Mutual was attempting to collect amounted to $738, Compl. 8 [#1], and Dorsey has not provided factual allegations to support damages stemming from damaged credit or an inability to receive financing. Id. at 8-9. Although Dorsey seeks more than this amount in damages, he has not alleged why Liberty Mutual's actions could give rise to an award over $75,000. See Spielman v.

Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). This court therefore has no diversity jurisdiction over the negligence claim.

As a result, the only jurisdiction this court would have over the negligence claim is supplemental jurisdiction, on the basis that the negligence claim is related to the federal claims. However, when a federal court has dismissed all the federal claims—which this court has done in this order—it may decline to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). The court chooses to decline supplemental jurisdiction over the negligence claim. Accordingly, Dorsey's suit under a theory of negligence is DISMISSED.

Conclusion

For the above-stated reasons, the Motion to Dismiss [#15] is ALLOWED, and the Complaint [#1] is DISMISSED.

IT IS SO ORDERED.

September 14, 2017                          /s/ Indira Talwani
                                            United States District Judge